Robert C. Huntley ISB#894
Christopher F. Huntley ISB#6056
HUNTLEY PARK LLP
250 So. Fifth Street, Suite 660
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234

Attorneys for Plaintiff

U.S. COURTS
03 JAN -2 PM 4:32
REC'D ___ FILED ___
CAMERON S. BURKE
CLERK IDAHO

ORIGINAL
FEE PAID
RCPT #18171

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RON STROLBERG, CHARLES HAWKINS, and THOMAS CHADWICK,<br><br>Plaintiffs,<br><br>vs.<br><br>AKAL SECURITY, INC., a New Mexico Corporation; the UNITED STATES MARSHAL'S SERVICE, an agency of the United States of America; UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States of America; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. CIV 03-0004-S-EJL<br><br>VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF INCLUDING CERTIFICATION OF CLASS ACTION AND DEMAND FOR TRIAL BY JURY |

Plaintiffs as their claim allege:

**PART I: PRELIMINARY STATEMENT**

1. This is a class action against AKAL Security, Inc. and the United States of America and the above-captioned agencies thereof, who have been acting individually and in concert to procure the wrongful terminations (and threatening to accomplish future wrongful terminations) of Court Security Officers throughout the United States of America in violation of their rights under their contracts of employment, in violation of their civil rights, and in violation of the Americans with Disabilities Act and the comparable state statutes prohibiting discrimination against persons

with disabilities or perceived disabilities or a record of disabilities.

**PART II: JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(3) and (4) (civil rights jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Declaratory relief is authorized by 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Injunctive relief is authorized by 28 U.S.C. § 2202, 42 U.S.C. § 1983, and Fed. R. Civ. P. 65. Defendants are in violation of the requirements of the Federal Administrative Procedures Act, 5 U.S.C. § 551 et seq.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some of the class representative Plaintiffs are citizens and residents of Idaho and have been wrongfully terminated, or are under threat of wrongful termination in the state of Idaho, and the Defendants have committed wrongful acts against the Plaintiff Class Representatives and Class Members in the state of Idaho.

4. The amount in controversy exceeds the sum of $100,000 exclusive of interest, attorneys fees, and costs.

**PART III: PARTIES**

5. Plaintiff Ron Strolberg is a citizen and resident of Idaho and became employed as a Court Security Officer (CSO) in Boise, Idaho, on March 13, 2000, after 32 years of prior service in Law Enforcement. He successfully completed the background investigation and physical examination for the position, but was wrongfully terminated because of a perceived disability on May 10, 2002.

6. Plaintiff Charles Hawkins is a citizen and resident of Idaho and became employed as a CSO at the United States District Court in Boise, Idaho on November 3, 1998, after having been employed in fire and law enforcement positions for 40 years. He was wrongfully terminated

due to a falsely alleged medical disqualification as of June 17, 2002.

7. Plaintiff Thomas Chadwick is a citizen and resident of Idaho and has been a CSO in Boise, Idaho for approximately 10 years. He has recently received a notice for additional hearing tests and believes and alleges it to be the fact that he is a target for wrongful termination for alleged incorrectly perceived medical disability or handicap conditions.

8. The Defendant, AKAL Security, Inc., (AKAL) is a New Mexico corporation which is a contractor for the United States Marshal Service, its contract requiring it to provide Court Security Officers for protective services in federal buildings in various of the states of the United States, including the federal court facilities in Idaho.

9. The Defendant United States Marshal's Service (USMS) has the authority to "credential" the CSOs employed by AKAL and is an agent of the United States government.

10. The Defendant Department of Justice has some supervisory authority over the United States Marshal's Service and the CSOs, and is also an agent of the United States of America.

11. The Defendant United States of America is the ultimate authority to which the United States Marshal's Service and the United States Department of Justice are responsible for their wrongful acts and omissions.

**PART IV: CLASS ACTION ALLEGATIONS**

12. Plaintiffs bring this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(3) and (4) (civil rights jurisdiction) and 28 U.S. C. § 1332 (diversity jurisdiction). Declaratory relief is authorized by 28 U.S.C. § 2201 and Fed. R. Civ. P. 57; Injunctive relief is authorized by 28 U.S.C. § 2202, 42 U.S.C. § 1983, and Fed. R. Civ. P. 65 on behalf of all Class Members and Class Representatives.

13. The requirements of Fed. R. Civ. P. 23 are met in that:

(a) The Class is so numerous that joining all members is impracticable. The exact size of

the class is unknown but includes hundreds of Court Security Officers (CSOs) throughout the United States and its territories. The Class Members are geographically dispersed throughout the nation, have limited financial resources, and are unlikely to institute individual actions. The Class is defined as follows:

> (A) Those Court Security Officers who have been wrongfully terminated through the withdrawal by the USMS of their certification for employment as CSOs and (B) those who are under threat of wrongful withdrawal of their certification and/or termination, both by virtue of incorrect alleged or perceived or record medical disabilities, conditions or handicaps.

(b) There are issues of fact common to all Members of the Class as to the wrongful and unlawful basis of their termination (or threats to be terminated) through the device of the USMS revoking their certification.

(c) The claims of the named Plaintiffs are typical of the claims of the class they represent, and Plaintiffs and their counsel will fairly and adequately protect the interests of the class they represent. Named Plaintiffs have no interest adverse to or in conflict with those of other class members.

(d) This action can proceed as a class action pursuant to Fed. R. Civ. P. 23. The prosecution of separate actions against the Defendants by individual members of the represented class would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for the Defendants. The Defendants have acted or refused to act on grounds generally applicable to all members of the class, making final declaratory and injunctive relief and the award of monetary damages appropriate with respect to the Class as a whole.

## PART V: FACTUAL ALLEGATIONS

14. Each of the Class Representatives and the Class Members were or are employed under a labor contract between the USMS and AKAL or other entities similar to AKAL.

15. Under the labor contract(s), there is a provision to the following effect:

> After completion of the probationary period, as specified in Section 2.5, no Employee shall be dismissed or suspended without just cause, unless the company is directed by the U.S. government to remove the Employee from working under the Employer's contract with the U.S. government, or if the Employee's credentials are denied or terminated by the U.S.M.S. or in cases of gross misconduct by the Employee. The company's contract with the U.S. government sets out performance standards for CSOs in Section C of the contract between the company and the U.S.M.S. . . .

16. By virtue of the labor contract and the policies and procedures of the U.S. Marshal's Service, Plaintiff Class Members are not "at-will" employees and are entitled to due process and both procedural and substantive protection from termination without cause, which contract rights, (including the Covenant of Good Faith and Fair Dealing), have been denied to them.

17. The Class Members were each physically and medically qualified for their employment as court security officers at the time of their employment, and were physically and medically qualified at the time of their terminations, which terminations were accomplished by a revocation of credentials by the USMS.

18. In its response in this matter to the Idaho Human Rights Commission and the EEOC, AKAL has stated with respect to Class Representative Hawkins:

> Akal is a contractor for the United States Marshal's Service ("USMS"), providing full protective services for the Federal Building in Boise, Idaho since October of 2000. As further described below, to be employed by Akal as a Court Security Officer ("CSO") at this location, individuals are required to be "credentialed" by the USMS. In this case, the USMS revoked Mr. Hawkins' credentials because the USMS deemed him not medically qualified to perform the essential functions of his job due to his diabetes. *See* Exhibit A. Akal disagreed with the decision and in fact championed Mr. Hawkins' case and assisted him in appealing to the USMS. *See* Exhibit B. Unfortunately, despite Akal's efforts, the USMS denied the appeal, and Akal had no choice but to terminate Mr. Hawkins' employment as a CSO. *See* Exhibit C. Akal remains willing to reinstate Mr. Hawkins at any time (so long as a vacancy exists), if and when the USMS re-issues Mr. Hawkins his credentials.
>
> <u>July 2, 2002</u>
> Daya S. Khalsa, Akal Senior Vice-President, wrote USMS Contracting Officer, Donnell Sam, and explained that <u>Akal disagreed</u> with the USMS'

> decision to medically disqualify Mr. Hawkins. Mr. Khalsa wrote that Akal does not believe that Mr. Hawkins has a disability or impairment and is fully capable of performing job duties. *See* Appendix B.
>
> Mr. (Sic, Ms.) Khalsa indicated that according to the contract between Akal and the USMS, that Mr. Hawkins has the right to appeal the disqualification. Mr. (Sic, Ms.) Khalsa further stated that both Mr. Hawkins and his physicians believed the Mr. Hawkins is medically qualified and is fully capable of performing the duties of a CSO. *See* Exhibit B.
>
> Mr. (Sic, Ms.) Khalsa informed the USMS that if the USMS were to maintain the revocation of Mr. Hawkins' credentials, it provide confirmation that it conducted an individualized assessment of Mr. Hawkins' medical condition. Mr. (Sic, Ms.) Khalsa further requested that the USMS confirm that Mr. Hawkins was medically disqualified because he is unable to perform the essential functions of the required job without reasonable accommodation, and that Mr. Hawkins' medical condition poses a direct threat to himself or others. Mr. (Sic, Ms.) Khalsa provided the USMS with Mr. Hawkins' appeal letter of June 24, 2002, and medical documentation. *See* Exhibit B.

19. In the case of Class Representative Strolberg, AKAL made the following statement in its response to the Idaho Human Rights Commission Complaint and the EEOC Complaint:

> On behalf of Mr. Strolberg, Akal wrote a letter on May 22, 2002 to the US Marshals Service requesting that Mr. Strolberg be reinstated to his position.

20. On May 22, 2002, Daya S. Khalsa, Senior Vice-President of AKAL, wrote to Mr. Donnell Sam, contracting officer, Judicial Securities Contracts, U.S. Marshal's Service, a letter protesting the revocation of the credentials of Mr. Strolberg. The letter contained the following two paragraphs:

> Under Section H-3(c) of the contract, we are providing you with the employee's response to the revocation of his credentials. This section States "in no event shall an employee be removed permanently from performing services under this contract without being provided the requisite notice and opportunity to respond." Mr. Strolberg and his physician believe that he is medically qualified and is fully capable of performing the duties of a CSO. Please note the many additional letters of support provided by members of the Senate, The Judiciary and co-workers of Mr. Strolberg.
>
> As per Section H-3(c) of the contract, Akal is hereby providing a written statement of our position on the removal of this individual. After review of

> the attached information from Mr. Strolberg and his physician, as well as other information related to his medical condition, Akal believes that Mr. Strolberg does not have a disability or impairment and is fully capable of performing the essential functions of the job. We do not believe that his medical condition poses a direct threat of injury to others. For these reasons, Akal is requesting that the revocation of his credentials be reconsidered, that Mr. Strolberg dismissal be retracted and that he be reinstated to his position.

21. Plaintiffs allege it to be the fact that AKAL and similar contracting employers take the same position relative to the incorrectness of the U.S. Marshal's Service disability determination as to all Class Members as recited in paragraphs 18 through 20 herein above.

22. The Plaintiff Class Representatives and Class Members are fully qualified medically for the performance of their duties, both under any medical standards which existed at the time of their employment or any reasonable medical standards allegedly or appropriately relied upon by the Defendants at the present time.

23. The Plaintiffs Strolberg and Hawkins have exhausted all required administrative remedies through the agencies of the federal government and have received authorization to proceed in court. Additionally, the Idaho Human Rights Commission and the EEOC have ruled that it had no jurisdiction over the claims against the United States Marshal's Service. As to the claims against AKAL, the Plaintiffs have requested a right to sue letter from the federal EEOC and the Idaho Human Rights Commission. The Plaintiffs respectfully request that the claims against AKAL under the Americans With Disabilities Act (and not the contract claim or the concert of action claim) be held in abeyance and suspension until such time as the right to sue letters are issued.

24. The Plaintiff and Class Representative, Thomas Chadwick, alleges that he has received certain requests regarding his medical condition similar to that earlier received by the Plaintiffs Strolberg and Hawkins which indicate that he, too is being set up for a similar wrongful termination.

25. The USMS in filings in the Administrative proceedings claims no responsibility for

the wrongful terminations and threats to wrongfully terminate on the basis (1) of an argument that it is not the employer under theories applicable to determination of "independent contractor status" in other circumstances and under the further theory (2) that if the Class Members have been wrongfully terminated, it is the actions of AKAL itself which effected the terminations despite the USMS's knowledge that the terminations were brought about solely and exclusively by the withdrawal of certification by the USMS. The Defendant, AKAL, having knowledge of the wrongful revocation of certification by the USMS, is not justified in carrying out the illegal and wrongful terminations without having first attempted to obtain a court order legitimizing its right to do so. In seeking to effect new standards, the United States of American Defendants have failed to comply with the requirements for establishing new substantive rules under the Administrative Procedure Act, 5 U.S.C. § 551(4) and 553(b), (c) and (d).

## PART VI: CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

(Injunctive Relief)

26. Plaintiffs re-plead paragraphs 1 through 25 as though fully set forth herein.

27. The Defendants, acting severally and in concert, have acted illegally in the terminations of Plaintiffs Strolberg and Hawkins and other Class Members similarly situated, causing them irreparable injury in that they are being denied the employment to which they are entitled. There is no adequate remedy at law to prevent the continuing wrong to them by denial of their employment. Accordingly, they are entitled to a TRO upon proper application, a preliminary injunction upon proper application, a permanent injunction upon proper application and/or a writ of mandate requiring their reinstatement together with bridging of all benefits and payment of lost past and future wages and benefits; general damages; and attorneys fees.

28. Plaintiff Thomas Chadwick, and other Class Members similarly situated, will receive

irreparable harm for which there is no adequate remedy at law if the Defendants were to terminate them under the policies and procedures and course of action herein above described and, therefore, Thomas Chadwick and other Class Members similarly situated, are entitled to injunctive relief, including a TRO, a preliminary injunction, a permanent injunction, and/or a writ of mandate upon proper application therefore, together with attorneys fees and costs.

## SECOND CAUSE OF ACTION

(Wrongful Termination Under ADA and Idaho Handicapped Act)

29. Plaintiffs re-plead paragraphs 1 through 25 as though fully set forth herein.

30. The Class Representatives, Strolberg and Hawkins, have been wrongfully terminated due to a perceived disability or record of disability under the Americans with Disabilities Act and the Idaho Human Rights Act and, therefore, are entitled to be reinstated and to receive past and future economic and emotional and general damages and attorneys fees whether they are reinstated or not.

## THIRD CAUSE OF ACTION

(Contract)

31. Plaintiffs re-plead paragraphs 1 through 25 as though fully set forth herein.

32. By virtue of the terms and conditions of their employment, the Plaintiffs Strolberg and Hawkins and other Class Members similarly situated, are not "at-will" employees and are entitled to full and complete reinstatement and bridging of benefits and past and future economic and general damages. The Defendants breached the contract by terminating Class Members without cause and without procedural and substantive due process. Further, Defendants' actions were a breach of the "Covenant of Good Faith and Fair Dealing".

33. Plaintiffs seek damages and a declaratory judgment that any provisions of their employment contract arrangement which requires or permits Defendants to act illegally or in

violation of public policy are null and void.

FOURTH CAUSE OF ACTION

(Concert of Action)

34. Plaintiffs re-plead paragraphs 1 through 25 and paragraphs 32 and 33 as though fully set forth herein.

35. The Defendants, AKAL and the government entities, either by intention or by the happenstance of their various contracts, regulations, and policies, are and have been acting in concert to bring about the wrongful termination of Members of the Plaintiffs' Class by virtue of the following and other devices:

(A) AKAL claims it is not responsible for wrongful termination under an ADA theory because:

(i) It is only carrying out the orders of and its contractual arrangements with the USMS when the USMS revokes a Court Security Officer's credentials; while,

(ii) Nevertheless, terminating the employee when it well knows that the employee neither has a disability nor a perception by AKAL itself of a disability; while at the same time,

(B) The U.S. Marshal's Service claims that it is not the employer and therefore it cannot be liable for wrongful termination when, in fact:

(i) The U.S. Marshal's Service triggers the termination by AKAL through its wrongful revocation of certification; and

(ii) The USMS was party to and insisted upon the policy, contractual, and regulation foundation of the hiring arrangement of the CSOs.

36. Neither AKAL nor the USMS has either a right or a duty to implement contract provisions which are illegal or contrary to public policy.

## PART VII: DAMAGES

37. The damages to the individual Class Members exceed the sum of $100,000 exclusive of interest, costs and attorneys fees on each cause of action. Some of their damages are compensable by monetary award of past and future loss of wages and benefits, emotional and other general damages, and bridging of seniority and retirement benefits. Other of their damages are irreparable and have no adequate remedy at law.

## PART VIII: PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1. The Court assert jurisdiction over this case.

2. For an Order that this action be maintained as a Class Action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) or other appropriate subsection of Rule 23, with respect to the Class identified herein. Plaintiffs request leave to conduct pre-certification discovery.

3. The Court provide the Plaintiffs and the Class Members appropriate injunctive and/or mandamus relief. Plaintiffs request leave to conduct discovery before moving for injunctive or mandamus relief.

4. For an Order reinstating all Members of the Plaintiff Class who have been wrongfully terminated.

5. For payment of general and special damages, including economic loss, both past and future as may be proved at trial.

6. Upon proper application, for the issuance of temporary restraining orders, preliminary injunctions, permanent injunctions, and writs of mandate as may be appropriate to prevent further wrongful conduct on the part of the Defendants and to protect the rights of the Members of the

Class.

7. For Declaratory Judgment that any provision or interpretation of the "Employment Contract Arrangement" which results in illegal action or violation of public policy is null and void.

8. For an award to Plaintiffs and the Class Members of their reasonable attorneys fees, costs and expenses.

9. For such other and further relief as may be meet and equitable in the premises.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on their causes of action at law.

DATED this 2nd day of January, 2003.

HUNTLEY PARK LLP

Robert C. Huntley

**VERIFICATION**

STATE OF IDAHO )
ss.
County of Ada )

We, RON STROLBERG, CHARLES HAWKINS and THOMAS CHADWICK hereby certify that the facts alleged in the above and foregoing Complaint are true and correct to the best of our knowledge and belief.

DATED this 2nd day of January, 2003.

Ron Strolberg

Charles Hawkins

Thomas Chadwick

SUBSCRIBED AND SWORN TO before me this 2nd day of January, 2003.

(SEAL)

LAURIE J. SCOTT
NOTARY
PUBLIC
STATE OF IDAHO

Laurie J. Scott
NOTARY PUBLIC for the State of Idaho
Residing at Meridian
My commission expires: 1-26-08