IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RON STROLBERG, CHARLES HAWKINS, JOHN BIANCHI, PETE CHIABAUDO, ALBERTO GARCIA, WILLIAM GRAY, WALTER LAMB, JAMES SHERIDAN, FLOYD VOELTZ, and ISAIAH WILLIAMS,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES MARSHALS SERVICE, an agency of the United States of America and the UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States of America, both by and through the Honorable Eric Holder, Jr., Attorney General; and the UNITED STATES OF AMERICA,<br><br>      Defendants. | Case No. CV-03-04-S-DOC<br><br>**ORDER DENYING MOTION FOR HEARING AND DENYING MOTION FOR REINSTATEMENT** |

      Before the Court is Plaintiffs Ron Strolberg, Charles Hawkins, John Bianchi, Pete Chiabaudo, Alberto Garcia, William Gray, Walter Lamb, James Sheridan, Floyd Voetz, and Isaiah Williams' ("Plaintiffs") Motion for Reinstatement of Rehabilitation Act Claim Pursuant to Rule 60(b)(5) and 60(b)(6) ("Rule 60(b) Motion") (Docket No. 272) and Motion for Hearing on Pending Matter ("Motion for Hearing") (Docket No. 282).

**Order - 1**

The Court finds that the matter is appropriate for decision without oral argument. FED. R. CIV. P. 78.  As such, the Motion for Hearing is DENIED.

As to the Rule 60(b) Motion, after having considered the moving, opposing, and replying papers thereon, the Motion is DENIED.

## I.   BACKGROUND

This case began its life in January 2003 as a class action on behalf of as many as 4,500 Court Security Officers ("CSOs") nationwide.  The original defendants were the security companies who directly employed the Plaintiffs and the government agencies ("Federal Defendants") responsible for the implementation of medical standards that Plaintiffs claimed were applied as a pretext for age discrimination.  The case was not certified as a class action, and much of the first amended complaint was dismissed.  By December 15, 2004, all claims against the security companies were dropped, which left only the Federal Defendants in the case and reduced the total number of plaintiffs to twenty-five.

On January 19, 2005, the Court denied leave to amend the complaint to add a procedural due process claim.  Among other rulings, the Court also dismissed fifteen Plaintiffs' Rehabilitation Act claims without prejudice and granted summary judgment in favor of the Federal Defendants with respect to the Rehabilitation Act claims of the remaining ten Plaintiffs.  On January 23, 2007, the Ninth Circuit affirmed the part of this Court's January 19, 2005 Order granting summary judgment to the Federal Defendants with respect to the ten Plaintiffs' Rehabilitation Act claims.  In the same disposition, the

Order - 2

Ninth Circuit reversed this Court's January 19, 2005 Order denying leave to amend to add a procedural due process claim and remanded. *Strolberg v. ALKAL Security Co.*, 2005 WL 5629026 (D. Idaho Jan. 19, 2005), *affirmed in part and reversed in part* 210 Fed. App'x 683 (9th Cir. 2006).

The remaining Plaintiffs were then given leave to amend the complaint to include the procedural due process claim, which alleged that Plaintiff Federal CSOs were wrongfully terminated from their employment as CSOs in violation of their due process rights under the Fifth Amendment to the Constitution. The Court granted summary judgment in favor of the Federal Defendants as to the procedural due process claims on June 18, 2008, and the Ninth Circuit affirmed the grant of summary judgment on November 30, 2009. *Strolberg v. U.S. Marxhals Service*, 350 Fed. App'x 113 (9th Cir. 2009).

Plaintiffs now move pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) for the Court to set aside the January 19, 2005 grant of summary judgment in favor of the Federal Defendants with respect to the Rehabilitation Act claims.

## II. LEGAL STANDARD

Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

**Order - 3**

>judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

### III. DISCUSSION

Plaintiffs argue that the Court's grant of summary judgment as to the Rehabilitation Act claims should be set aside and the Rehabilitation Act claims should be reinstated pursuant to Rule 60(b)(5) or (6) because the Court's ruling was "based upon the misinterpretation of the Americans with Disabilities Act by the United States Supreme Court." Mot. at 2. The Court's grant of summary judgment, and the Ninth Circuit's affirmance thereon, were based on the Supreme Court's interpretation of the Rehabilitation Act in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002).

In effect, Plaintiffs argue that the Court's grant of summary judgment as to the Rehabilitation Act claims should be set aside because Congress enacted the Americans with Disabilities Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 ("ADA Amendments Act" or "ADAAA"), in September 25, 2008, with an effective date of January 1, 2009. Mot. at Exh. E. The ADA Amendments Act stated that its purpose was, *inter alia*, to reject the Supreme Court's interpretation of the definition of disability under

**Order - 4**

the ADA[1] in *Sutton* and *Toyota Manufacturing*. *Id.* at 5.  Because this Court's grant of summary judgment was premised on the Supreme Court's guidance in *Sutton* and *Toyota Manufacturing*, and because Congress has since clarified that those Supreme Court decisions interpreted the definition of disability more narrowly than Congress intended, Plaintiff encourages the Court to set aside its grant of summary judgment in light of the ADA Amendments Act of 2008.

Defendants argue that setting aside the grant of summary judgment would be inappropriate because the ADA Amendments Act is not retroactive and does not apply to employment actions taken before its effective date.  In determining whether a statute applies retroactively, the Court looks first to whether there is an express command in the statute regarding its temporal reach, or where there is not an express command, whether the new statute  "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Products*, 511 U.S. 244, 280, 14 S. Ct. 1483 (1994).  If the statute would have such an effect, the a court may not apply it retroactively "absent clear congressional intent favoring such a result." *Id.*

While the Ninth Circuit has not addressed whether the ADA Amendments Act

---

[1]     The Rehabilitation Act is interpreted coterminously with the ADA. *See Douglas v. Cal. Dept. of Youth Auth.*, 285 F.3d 1226, 1229-30 n.3 (9th Cir.2002) (explaining that cases interpreting the Rehabilitation Act and the ADA are "interchangeable" and that the standards used to determine whether discrimination occurred are the same).

**Order - 5**

should be applied retroactively, several other circuits and district courts within this circuit have looked to the ADAAA's effective date of January 1, 2009 and the changing duties set forth in the ADAAA in holding that the statute does not apply retroactively. *See Lytes v. D.C. Water and Sewer Auth.*, 572 F.3d 936, 941 (D.C. Cir. 2009) (only explanation for delayed effective date of the ADAAA is that Congress intended the statute to have only prospective effect); *EEOC v. Agro Distrib. LLC*, 555 F.3d 462, 469 n. 8 (5th Cir. 2009) (ADAAA changes do not apply retroactively); *Milholland v. Sumner County Board of Educ.*, 569 F.3d 562 (6th Cir. 2009) (recognizing that retroactively applying ADAAA would impose new duties upon parties with respect to transactions already completed and holding that ADAAA does not apply to pre-amendment conduct); *Kiesewetter v. Caterpillar, Inc.*, 295 Fed. Appx. 850, 851 (7th Cir. 2008) (amendments do not apply prior to the legislation's effective date); *Fikes v. Wal-Mart, Inc.*, 322 Fed. Appx. 882, 883 n. 1 (11th Cir. 2009) (applying presumption against retroactive application); *see also, e.g., Thorn v. BAE Systems Hawaii Shipyards*, 2009 WL 274507, at *1-2 (D. Haw. Feb. 2, 2009) (ADA Amendment lacks clear congressional intent of retroactive application; denying motion for reconsideration under Rule 60(b)(5) and (6) because ADA Amendment does not apply retroactively).

The Court agrees that the ADAAA should not apply retroactively. Congress enacted the ADAAA in September 2008 but directed that it would not be effective until January 1, 2009. The only explanation for having an effective date apart from the enactment date is that Congress intended the statute to have only a prospective effect. *See*

**Order - 6**

*Lytes*, 572 F.3d at 941.  In addition, the presumption against retroactivity applies because the ADAAA created new duties, broadening the class of employees entitled to reasonable accommodation.  *See, e.g.,* Mot., Exh. E. (ADAAA's purpose is to "reinstat[e] a broad scope of protection to be available under the ADA" and finding that the current limitations on protection expressed too high and restrictive of a standard).  Plaintiffs argue that the ADAAA did not create new duties under the ADA but simply reiterated what it originally intended the scope of the ADA to be all along had the Supreme Court not gotten it wrong.  In other words, the intent and meaning of the ADA was the same as the ADAAA all the time, and applying it as Congress originally intended simply puts the parties where they should have been without the Supreme Court decisions misinterpreting the ADA.

This argument mischaracterizes one of the primary concerns with retroactive application, namely that it interferes with parties' expectations about their rights and duties.  *See Landgraf*, 511 U.S. at 270, 283.  Those expectations about the reach of a statute are formed by the judiciary's interpretation of the statute.  Therefore, the parties' expectations, and what they used to guide their behavior prior to the enactment of the ADAAA, were *inter alia* the Supreme Court decisions in *Sutton* and *Toyota Manufacturing*.  While Plaintiffs may be correct that Congress' intent regarding the scope of the ADA may have never changed, parties' expectations about the reach of the statute changed over time based on Supreme Court jurisprudence.  Thus, even though Congress has since expressed the opinion that those decisions were contrary to its intent, those

**Order - 7**

decisions were what framed expectations about the reach of the ADA and parties relied upon those decisions to guide their behavior.  To now hold parties to an interpretation of the ADA that differs from the governing law at the time of their actions would be unfair unless Congress has specifically set forth that is its intent.  Because the Court finds that the ADAAA created new rights and duties, the presumption against retroactivity applies, and the Court may not apply the ADAAA retroactively "absent clear congressional intent favoring such a result."  *Landgraf*, 511 U.S. at 280.  As there is no such clear congressional intent, the Court finds that the ADAAA should not be applied retroactively.

Plaintiffs argue that even if the Court finds that the ADAAA should not be retroactively applied, this ruling should apply only to their claims for compensatory and punitive damages, not their request for injunctive relief.  The prayer for relief in Plaintiffs' Third Amended Complaint requests not only damages but also injunctive relief in the form of an order reinstating all plaintiffs who have been terminated and any other injunctive or mandamus relief as may be appropriate and equitable. In so arguing, Plaintiffs rely heavily on an unpublished case from the Sixth Cicuit, *Jenkins v. Nat'l Bd. Of medical Examiners*, 2009 WL 331638 (6th Cir. Feb. 11, 2009).  In *Jenkins*, the Plaintiff was a medical student seeking additional time on his medical licensing exam because he had a reading disorder.  The Sixth Circuit ruled that because the case involved prospective relief and the case was pending with the ADAAA became effective, the court would apply the ADA as amended.  *Id.* at *3.

However, *Jenkins* involved a student who had not yet taken an exam, *i.e,* the event

**Order - 8**

for which he was seeking accommodation and alleging discrimination was to take place in the future. See *Geiger v. Pfizer, Inc.*, 2009 WL 973545, at *3 (S.D. Ohio Apr. 10, 2009) ("A close reading of the Jenkins decision demonstrates that the timing of the events giving rise to the lawsuit in question (i.e., occurring before or after the effective date of the ADAAA) determines whether the ADAAA should be applied.")  Here, while Plaintiffs seek reinstatement of their positions, the event and conduct for which they are claiming discrimination has already taken place, and took place long before the enactment of the ADAAA.  *See Pinegar v. Shinseki*, 2010 WL 891700, at n.2 (M.D. Pa. Mar. 10, 2010) (while "plaintiff's claims for reinstatement and reasonable accommodation could be considered claims for prospective relief, it cannot be denied that she seeks to hold defendants liable for conduct that occurred before the ADAAA took effect"); *Nyrop v. Independent School Dist. No. 11*, 2009 WL 961372, at n.2 (D. Minn. Apr. 7, 2009) (plaintiff argued she sought prospective relief in addition to damages, but court found the focus of her allegations were on past conduct so retroactive application of the ADA amendments was not warranted); *Geiger*, 2009 WL 973545, at *2 (Plaintiff was seeking damages for events that occurred four to five years before the ADAAA's effective date and fact that she included a claim for "injunctive relief" did not change the character of her lawsuit); *Dave v. Lanier*, — F. Supp. 2d —, 2010 WL 374519, at n.3 (D.D.C. Feb. 3, 2010) (the fact that plaintiff sought reinstatement in addition to damages did not change conclusion that ADAAA did not apply).

**Order - 9**

Declining to apply the ADAAA to claims for future injunctive relief based on conduct that took place prior to the enactment of the ADAAA is in accord with *Landgraf's* concern regarding increasing a party's liability for past conduct or imposing new duties with respect to transactions already completed.  Were Plaintiffs' claim successful as interpreted under the ADAAA, reinstating Plaintiffs' employment would increase Defendants' liability for conduct that occurred prior to the enactment of the ADAAA.  This Court has already ruled in summary judgment in favor of the Federal Defendants with respect to the Rehabilitation Act claims, and the Ninth Circuit affirmed that ruling.  In other words, the Federal Defendants' conduct with respect to Plaintiff did not violate the Rehabilitation Act as it stood at the time of the conduct at issue.  To now hold that the Court should look to a new standard to determine whether Plaintiffs should be reinstated would be to potentially impose new duties on Defendants with respect to transactions already completed.  *See Britting v. Shineski*, 2010 WL 500442, at *5 (M.D. Pa. 2010) (declining to apply ADAAA when considering request for reinstatement based on conduct before ADAAA enactment, reasoning that "Defendant, who may have relied on Supreme Court precedent in shaping legal policies and actions, should not be held liable for actions that may have been legal at the time they were taken.").

The Court finds that the ADAAA shall not be applied to either Plaintiff's damages or injunctive relief claims.  Therefore, there is no reason to vacate the Court's grant of summary judgment in favor of the Federal Defendants as to the Rehabilitation Act claims pursuant to Rule 60(b)(5) or (6).

**Order - 10**

## IV. DISPOSITION

For the foregoing reasons, the Motion for Hearing is DENIED and Rule 60(b) Motion is DENIED.

IT IS SO ORDERED.

DATED: March 25, 2010

*David A. Carter*

Honorable David A. Carter
United States District Judge